JOE DURHAM, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

In a murder trial, if the State prove by cross-examination of a witness for the defense, that "not a negro in the neighborhood was friendly to prisoner" (who was himself a negro) and the evidence of guilt rests solely on the testimony of one witness, who was also unfriendly to prisoner, and the prisoner offer to prove the cause of his unpopularity with his own race, he should be permitted to do so.

Criminal law. Murder. Principal in the second degree. New trial. Before Judge ROBINSON. Greene Superior Court. September Term, 1871.

The plaintiff in error, a person of color, was indicted as principal in the second degree to the murder of Jeff Chennault. Upon the trial, Felix Gresham, a material witness for the plaintiff in error, upon cross-examination by the State, testified that "not a negro in the neighborhood was friendly to prisoner." Plaintiff in error then proposed to prove the cause of this unfriendly feeling, and the Court excluded the evidence. The jury found plaintiff in error guilty of murder as principal in the second degree. Whereupon, plaintiff in error moved for a new trial upon several grounds, the first of which it is only necessary to an understanding of the decision of the Court, hereto set forth, to-wit:

1st. Because the Court erred in refusing to allow defendant's counsel to prove the cause of bad feeling between defendant and the deceased, previous to the difficulty, and also the cause of bad feeling between the defendant and the colored witnesses for the State, after it had been proven that this bad feeling existed. The motion for a new trial was overruled, and plaintiff in error excepted.

EDWARD L. LEWIS, by brief, for plaintiff in error, cited 31 Ga. R., 167; 28th, *Ibid.*, 200; 1st Chitty's Criminal Law, 258; 12 Ga. R., 500.

Foster *vs.* Thrasher.

FLEMMING JORDAN, Solicitor General, by brief, for the State.

MONTGOMERY, Judge.

The only assignment of error we deem it necessary to notice in this case is the refusal of the Court to permit the prisoner, after the State had shown his unpopularity with his own race in the neighborhood, to prove the cause of the ill-feeling towards him. In this we think the Court erred, the more especially as the only witness who testified to the prisoner's guilt was himself proven to be unfriendly to him. Had the jury known the cause of this unfriendly feeling, they would have been better able to estimate the weight of the testimony against the prisoner.

Let the judgment be reversed.